**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HANS MAESTRE, *an individual*,

    Plaintiff,                                  **JURY TRIAL DEMANDED**

v.

ABILITY RECOVERY SERVICES, LLC,
*a Pennsylvania limited liability company*,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, HANS MAESTRE, alleges that Defendant ABILITY RECOVERY SERVICES, LLC ("Defendant") while engaged in the collection of allegedly delinquent debt, committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. § 1692f.

3. On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "consumer collection agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register, may in fact, support a federal cause of action under

1

Section 1692e(5) of the FDCPA."

4. The FDCPA also allows Plaintiff to recover "any actual damage sustained" as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1).

5. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

6. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.,* 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

7. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc*., 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

8. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).

9. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

11. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

## PARTIES

12. Hans Maestre ("Plaintiff") is a natural person and resident of Miami-Dade County, Florida.

13. Hans Maestre, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

14. Ability Recovery Services, LLC is a Pennsylvania limited liability company whose principal address is 284 Main Street, Dupont, PA 18641, and whose registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

15. Ability Recovery Services, LLC is registered as a consumer collection agency in the State of Florida (CCA9902892) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. On or about July 26, 2016, Plaintiff, while acting in the course and scope of his employment as a police officer with the City of Aventura, Florida, was injured in a work-related accident which required medical treatment or services.

17. A portion of such necessary medical treatment or services was provided by Sterling Emergency Services of Miami Beach, P.A. ("Sterling Emergency Services").

18. Plaintiff was sent to Sterling Emergency Services of Miami Beach, P.A. while still in his policeman's uniform, and Sterling Emergency Services was fully informed and aware of the nature of Plaintiff's work-related injury.

19. Plaintiff advised his employer, the City of Aventura Police Department, of the injury which confirmed the compensability of the accident and treatment for the injuries sustained.

20. Upon information and belief, all medical bills for Plaintiff's work-place related injury were either fully paid or agreed to be paid by Plaintiff's employer and/or Workers' Compensation insurance carrier.

21. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

22. Additionally, under Fla. Stat. § 440.13(13)(a), a health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for

payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007).

23. Furthermore, in accordance with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id*.

24. Regardless, on or about, November 6, 2018, Ability Recovery Services, LLC (in an attempt to collect the Sterling Emergency Services of Miami Beach, P.A. debt) opened a negative delinquent credit report in the amount of $1,429.00. As a result of the negative impact, Plaintiff was unable to obtain financing and suffered an increased the cost of his automobile insurance.

25. Then, on or about, December 26, 2018, Plaintiff received a letter from Ability Recovery Services, LLC demanding payment in the amount of $1,429.00. The letter also informed Plaintiff that Pendrick Capital Partners had purchased the debt from Sterling Emergency Services, and that even though his bill reflected a "zero" balance, he still owed the full amount to Pendrick Capital Partners.

26. On January 16, 2019, the Florida League of Cities, Inc.[1], sent Ability Recovery Services, LLC a letter advising them to "cease and desist" from all collections against Plaintiff in accordance with Fla. State 440.13(3)(g).

27. Later in January, Plaintiff spoke directly to the owner of Ability Recovery Services, LLC, who informed Plaintiff that Ability Recovery Services, LLC refused to

---

[1] The Florida League of Cities, Inc. insurance services, including workers' compensation coverage, for approximately 600 public entities in Florida, of which 250-plus are municipalities.

remove the alleged debt from his personal credit report. He refused, even though the Florida League of Cities sent Ability Recovery Services, LLC a letter to "cease and desist" from all collections, and even though Plaintiff's injuries were covered by workers' compensation. According to Ability Recovery Service, LLC's owner, "John," he is allowed to continue collections according to the laws of his state (Pennsylvania), so he was not going to stop.

28. At all times relevant herein, Defendant knew or should have known that Plaintiff's injuries were the result of a workplace injury; information that was readily ascertainable from Defendant's client, Sterling Emergency Services of Miami Beach, P.A.

29. Upon information and belief, at no time under the circumstances described did Defendant have a legal claim against Plaintiff which can be enforced in a court of law, because the balance for the medical services rendered had already been paid in full, or Florida law shielded Plaintiff from liability.

30. Because Defendant was not permitted to attempt to collect from Plaintiff under Florida's Workers' Compensation Statutes, it violated the FDCPA by sending Plaintiff the December 26, 2019 letter. *See Young v. NPAS, Inc.*, No. 2: 16-cv-01104 (D. Utah Feb. 5, 2019)

## COUNT I
**Violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8)**

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

33. Defendant violated Section 1692e by violating Fla. Stat. § 440.13(3)(g), specifically by attempting to collect a debt from Plaintiff which, by law, he does not owe.

34. Defendant made such demands despite their knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida law.

35. The statements made by Defendant to Plaintiff, as described above, are patently false and violate 15 U.S.C. §§ 1692e(2)(A) and 1692(e)(8).

36. Additionally, a violation of state law may, as is the case here, be a violation of the FDCPA. *See LeBlanc,* 601 F.3d at 1202 n.29 ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,'… under state law, will also constitute FDCPA violations.").

37. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc*., 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

38. Section 1692e(8) prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false." *See Higgens v. Trident Asset Mgmt., LLC,* 2017 WL 7796085, at *1 (S.D. Fla. July 21, 2017).

39. Defendant's debt collection letter falsely represents "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is shielded from such liability by statute and because the bill had already been paid.

40. Furthermore, Defendant communicated to a credit reporting agency incorrect personal credit information which it should have known to be false because the alleged

delinquent bill had already been paid.

41.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant for:

a.      Statutory damages in the amount of $1,000 dollars;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

46.     Plaintiff demands trial by jury.

Dated: March 28, 2019

                                        Respectfully submitted,

                                        /s/ *Scott D. Owens*
                                        Scott D. Owens, Esq. (FBN 0598651)
                                        SCOTT D. OWENS, P.A.
                                        3800 S. Ocean Dr., Ste. 235
                                        Hollywood, FL 33019
                                        Tel: 954-589-0588
                                        Fax: 954-337-0666
                                        scott@scottdowens.com

                                        Paul A. Herman, Esq.
                                        Consumer Advocates Law Group, PLLC
                                        4801 Linton Blvd.
                                        Suite 11A-560
                                        Delray Beach, FL 33445
                                        Tel: (561) 236-8851
                                        Fax: (561) 431-2352
                                        paul@consumeradvocatelaw.com